IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01617-CMA-STV

WELL MASTER CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LUCKYSHOT LLC and
LUCKYSHOT CNC LLC,

    Defendants/Counterclaim Plaintiffs,

and

SHANE ALLEN FAZZI,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant LuckyShot LLC's First Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") [#33], which has been referred to this Court [#38]. This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** and that LuckyShot LLC's First Counterclaim be **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

Plaintiff Well Master Corporation ("Well Master") is a manufacturer of well plunger lift solutions, among other oil and gas production products. [#1, ¶ 2] According to the Complaint, Defendants LuckyShot LLC and LuckyShot CNC LLC do business together as "LuckyShot" to commercialize well plunger products.[1] [*Id.* at ¶ 5] Defendant Shane Allen Fazzi is the registered agent for LuckyShot LLC and LuckyShot CNC LLC and, according to the Complaint, the manager and sole member of both companies. [*Id.* at ¶ 6] On June 5, 2019, Well Master initiated this action alleging that Defendants have manufactured, offered for sale, and sold plunger devices that infringe upon two of Well Master's patents, U.S. Patent No. 7,395,865 (the "'865 patent") and U.S. Patent No. 7,793,728 (the "'728 patent") (collectively, the "Asserted Patents"). [*See generally* #1] In particular, Well Master alleges that LuckyShot sold infringing plunger devices to Terra Energy Partners LLC ("Terra"). [*Id.* at ¶ 20] Well Master submitted claim charts with the Complaint detailing how two of LuckyShot's plunger devices allegedly infringe upon Claims 1 and 11 of the '728 patent and upon Claims 1 and 12 of the '865 patent. [*See* ##1-8; 1-9]

On August 8, 2019, Defendants filed their First Amended Answer to Plaintiff's Complaint, Counterclaims, and Jury Demand. [#27] In addition to answering the allegations in the Complaint, LuckyShot LLC and LuckyShot CNC LLC asserted counterclaims against Well Master (the "Counterclaims"). [*Id.*] According to the

---

[1] The Court likewise refers to LuckyShot LLC and LuckyShot CNC LLC collectively as LuckyShot where the distinction between the entities is either unclear from the record or irrelevant to the Court's analysis.

Counterclaims,[2] it was Well Master's business practice to acquire plungers sold by competitors in order to ascertain whether or not those plungers infringed on any of Well Master's patents.  [*Id.* at Counterclaims ("CC") ¶ 11]  In April 2015, shortly after LuckyShot began selling plunger products, Well Master acquired several of LuckyShot's plunger products—including the two plunger products identified as infringing Well Master's patents in the Complaint—and determined that those plungers did not infringe upon either of the Asserted Patents.  [*Id.* at CC ¶¶ 12-14]

Despite this 2015 conclusion, on or about May 7, 2019, LuckyShot received a cease and desist letter from Well Master.  [*Id.* at CC ¶ 15]  The letter claimed that Well Master had received two unsolicited packages at two of its facilities containing five pages of drawings of LuckyShot's plungers.  [*Id.* at CC ¶¶ 15, 19]  The drawings included handwriting claiming that LuckyShot had been copying Well Master's alleged patents and selling them to Terra—LuckyShot's largest customer.  [*Id.* at CC ¶ 17]  According to LuckyShot, however, it appeared that the first two pages of the drawings sent to Well Master had actually been altered to reflect characteristics of the Asserted Patents.[3]  [*Id.* at CC ¶ 19]  The letter claimed that LuckyShot's plungers infringed the Asserted Patents and notified LuckyShot that it needed to immediately stop manufacturing and selling its plungers, and also destroy all of its inventory.  [*Id.* at CC ¶ 16]

---

[2] The facts are drawn from the allegations in Defendants' Counterclaims [#27 at 10-18], which must be taken as true when considering a motion to dismiss.  *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)); *Kirzhner v. Silverstein*, No. 09-cv-02858-CMA-BNB, 2011 WL 4382560, at *3 (D. Colo. Sept. 20, 2011).

[3] The Counterclaims allege that LuckyShot informed Well Master of the apparent alterations but do not state when that correspondence occurred.  [*Id.* at CC ¶ 20]

3

Also on May 7, 2019, Well Master sent a letter to Terra (the "Terra Letter").  [*Id.* at CC ¶ 21; *see also* #33-1[4]]  The Terra Letter informed Terra of LuckyShot's alleged patent infringement.  [#27 at CC ¶ 21; *see also* #33-1]  The letter asked Terra to cease and desist from future purchases of LuckyShot's infringing plungers and to encourage LuckyShot to immediately stop its allegedly infringing behavior.  [#33-1]  According to the Counterclaims, "[Well Master's] actions in sending the letter to Terra were not made in good faith, as [Well Master] had previously inspected LuckyShot's plungers in the past and determined that they did not infringe upon the Asserted Patents."  [#27 at CC ¶ 26]  The Counterclaims allege that "[Well Master] relied upon an unsolicited package from an allegedly unknown source, and sent Terra correspondence without any apparent due diligence to determine the accuracy and motive of the package contents."  [*Id.* at CC ¶ 27]  LuckyShot further alleges that, as a result of the Terra Letter, Terra declined a $2.5 million bid from LuckyShot for additional work and stopped ordering any of LuckyShot's hollow ported plungers—one of the allegedly infringing products.  [*Id.* at CC ¶ 25]

Based upon these allegations, the Counterclaims assert two claims against Well Master.  First, LuckyShot LLC asserts a claim for intentional interference with prospective contractual relationship, based upon Well Master sending the Terra Letter

---

[4] The Court may consider the Terra Letter submitted as an exhibit to the Motion without converting the Motion into a motion for summary judgment.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference").

accusing LuckyShot of patent infringement.  [*Id.* at CC ¶¶ 32-36]  Second, LuckyShot LLC and LuckyShot CNC LLC brought a claim seeking a judicial determination that they have not and do not infringe any valid, enforceable claim of the Asserted Patents.  [*Id.* at CC ¶¶ 37-39]  The Motion seeks to dismiss only the first Counterclaim.  [#33]  LuckyShot LLC has responded to the Motion [#46], and Well Master has filed a reply [#60].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a counterclaim for "failure to state a claim upon which relief can be granted."  In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the [counterclaim] plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a counterclaim plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

5

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.   ANALYSIS

Well Master argues that the first Counterclaim for intentional interference with prospective contractual relationship is preempted by federal patent laws. [#33 at 6-12] "State tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent." *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008). The "bad faith" standard has both an objective and a subjective component. *Id.* at 1370. "The objective component requires a showing that the infringement allegations are 'objectively baseless.'" *Id.* "The subjective component relates to a showing that the patentee in enforcing the patent demonstrated subjective bad faith." *Id.* Well Master only challenges the objective component of the first Counterclaim. [#33 at 3-4]

"Infringement allegations are objectively baseless if no reasonable litigant could realistically expect success on the merits." *800 Adept*, 539 F.3d at 1370 (quotation omitted). In other words, to plausibly plead that Well Master's actions in sending the Terra Letter were objectively baseless, LuckyShot LLC needed to plausibly plead that

6

Well Master "had no reasonable basis to believe that its patent claims were valid or that they were infringed by [LuckyShot's] customers." *Id.*; *see also Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1332 n.5 (Fed. Cir. 2012) ("In order to survive [defendant's] motion to dismiss [plaintiff's state law tort claims] under Rule 12(b)(6), [plaintiff] was required to do more than make bald assertions that [defendant] acted in 'bad faith.'"). "[A] party attempting to prove bad faith on the part of a patentee enforcing its patent rights has a heavy burden to carry." *800 Adept*, 539 F.3d at 1370.

Here, LuckyShot LLC has failed to plausibly plead that Well Master's allegations of infringement in the Terra Letter were objectively baseless. LuckyShot LLC relies on the fact that Well Master initially concluded that the plungers did not infringe, but then reached a contrary conclusion after obtaining the purportedly modified drawings. [#46 at 5-8] But, even drawing all reasonable inferences in favor of LuckyShot LLC, the fact that Well Master changed its position on whether LuckyShot's products infringe its patents after receiving additional information does not demonstrate that Well Master "had no reasonable basis to believe that its patent claims were valid or that they were infringed by [LuckyShot's] customers." *Id.*

Nor does LuckyShot LLC's argument that Well Master failed to adequately investigate the drawings upon which the decision to send the Terra Letter was allegedly based satisfy the objectively baseless pleading requirement. Such inadequate investigation may support the subjective prong of the bad faith requirement, but it does not demonstrate that the claims were objectively baseless. Indeed, a claim of infringement may be well-founded even after an unreasonable inquiry into the merits.

7

*See View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 984 n.4 (Fed. Cir. 2000).

Well Master's Complaint contains detailed claim charts demonstrating why Well Master believes LuckyShot's plungers infringed upon the '728 patent and the '865 patent. [##1-8; 1-9]  The first Counterclaim fails to contain any allegations identifying the alleged errors in Well Master's infringement contention or why those errors were so unreasonable as to make Well Master's infringement contention objectively baseless. By failing to include any such allegations, LuckyShot LLC has failed to plausibly plead the objective prong and thus its first Counterclaim is preempted.  This pleading deficiency is not saved by the first Counterclaim's conclusory allegation that Well Master's infringement claims in the Terra Letter were "objectively baseless."  *See, e.g.*, *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS (MDD), 2012 WL 3782543, at *2 (S.D. Cal. Aug. 31, 2012) ("Although [defendant] correctly asserts that it is 'not obligated to *prove* [bad faith] at the pleading stage,' . . . [defendant] must do more than simply conclusively assert that [plaintiff's] communications were made in bad faith."); *JS Products, Inc. v. Kabo Tool Co.*, No. 2:11-cv-1856-RCJ-GWF, 2012 WL 607446, at *4 (D. Nev. Feb. 24, 2012) (dismissing state law counterclaim in patent infringement case because defendant "simply makes the legal conclusion that [plaintiff's] infringement claim was baseless and expects the Court to accept it as true without any other allegations supporting the assertion.").

Accordingly, the Court concludes that LuckyShot LLC has failed to plausibly plead that Well Master's infringement allegations in the Terra Letter were objectively baseless.  On this record, however, the Court cannot conclude that LuckyShot LLC

cannot plausibly plead such claims. Accordingly, the Court respectfully **RECOMMENDS** that the first Counterclaim be **DISMISSED WITHOUT PREJUDICE**. *See JS Products*, 2012 WL 607446, at *4; *see also Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully **RECOMMENDS** that Plaintiff's Motion to Dismiss Defendant LuckyShot LLC's First Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) [#33] be **GRANTED** and that the first Counterclaim be **DISMISSED WITHOUT PREJUDICE**.[5]

---

[5] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005)

DATED: December 10, 2019                                    BY THE COURT:

                                                            s/Scott T. Varholak
                                                            United States Magistrate Judge

---

(holding that firm waiver rule does not apply when the interests of justice require review).